Tilghman C. J.
This is an action of trespass, brought by Robert Brown against Andrew Biggs, for breaking and entering his close, and cutting and carrying away his corn there growing, &c. Brown shewed title as an under-tenant of William Campbell, who had a lease of the premises from Simon Gratz (under whom the defendant claims) to expire on the 1st April, 1811. Brown had sown grain in the year 1810, and he claimed the way-going crop under the custom of Pennsylvania. There was a dispute respecting the termination of the lease. Notice had been given to Campbell in January, 1810, to quit the premises on the 1st April following, and he promised to do so, but afterwards refused, on the plea of not having received notice in-writing; although it was proved, that he had agreed to accept a verbal notice. So far the evidence was in favour of the defendant. But after-wards, on the 14th December, 1810, a new notice in writing was served on Campbell to quit on the 1st April, 1811, in which notice it was asserted, that the agent of Simon Gratz had made a verbal lease to Campbell for one year to expire on the 1st April, 1811. The defendant, Bigg’s, claims by a purchase from Gratz; so that he cannot gainsay Gratz s assertion, that the lease continued till the 1st April, 1811. Upon this state of the case, Brown would be entitled to recover on the authority of Stultz v. Dickey, 5 Binn. 285. in which *17 it was decided by this court that the tenant is entitled to the way-going crop, by the custom of the state: and may sup-” port an action of trespass against his landlord after his lease is expired. The charge of the Court of Common Pleas- in favour of the plaintiff was therefore right.
But an exception was taken to the Court’s opinion, on the admission of a record offered in evidence by the defendant, which remains to be considered. This was the record of an action of trespass and ejectment, brought by the Lessee of Bernard Gratz against Patrick Campbell (father of William Campbell) in which the plaintiff obtained a judgment on the 4th November, 1800, for an undivided moiety of the premises. No execution was taken out on this judgment, till the spring of the year 1811: but in the mean time Patrick Campbell, and, after his death, his son William Campbell, held as tenants under Bernard Gratz and Plumstead, who owned the land as tenants in common. In the year 1811, Bernard Gratz and William Campbell being both dead, and Biggs, the defendant, haying purchased the land, in order to obtain the possession which was withheld by Brown, (the plaintiff) a hab. fac. pass, was issued on the judgment, by virtue of which possession was delivered to Biggs, who afterwards cut and carried away the grain of Brown, for which this action was brought. A writ of error was brought on this execution, on which the proceedings were reversed, and the possession restored to Brown, but not till after the commencement of the present action. The defendant contended, that the delivery of possession, under the execution, was a justification of the trespass complained of by the plaintiff. But the Court of Common Pleas were of opinion, that the record might be given in evidence in mitigation of damages, but not as a justification of the trespass. Many cases have been cited by the defendant to shew, that although an execution is irregularly issued, the sheriff is bound to obey it; and that neither the sheriff nor the plaintiff are liable to an action of trespass, although the plaintiff, if he acts maliciously, may be responsible in an action on the case. The principle established by these authorities is not applicable, because it only' proves, that neither the sheriff, who delivered, nor the dedefendant, who received, possession, were liable to an action of trespass. Supposing then the defendant to be lawfully in possession, still the plaintiff’s right to the way-going crop re~ *18 mained. For the defendant, who claims through Gratz, cannot by an execution under Gratz, defeat the lease which Gratz had given. He had possession subject to the plaintiff’s right to the grain sown during the,lease. The Court of Common Pleas was, therefore, right, in deciding, that this record was not a justification of the trespass. The judgment is to be affirmed.
Yeates J. absent.
Brackenridge J. concurred.
judgment affirmed.'